UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOUTHERN COAST K9, LLC and
360 SECURITY PARTNERS,
LLC,

        Plaintiffs,

v.                                                  Case No. 6:25-cv-298-JA-LHP

MARGUERITE HEISER and
WILLIAM HEISER,

        Defendants.
_____

## ORDER

Before the Court is Defendants' motion under Federal Rule of Civil Procedure 41(d) (Doc. 23), seeking to receive attorney's fees and costs incurred in a prior federal action between the parties. Plaintiffs have filed a response in opposition. (Doc. 30). For the following reasons, Defendants' motion (Doc. 23) must be denied to the extent Defendants seek attorney's fees. However, the Court will reserve ruling as to non-recyclable costs.[1]

---

[1] Non-recyclable costs are those that Defendants incurred in the prior action that cannot be used in this action. *See, e.g., NF Imp. & Exp., Inc. v. VIA Mat Int'l AG*, No. 11-23371-CIV, 2012 WL 13013236, at *1 (S.D. Fla. Sept. 25, 2012) (explaining that recyclable costs are those related to "work in connection with the" prior action that "could not be reused in the" subsequent case); *see also Wolf v. Pac. Nat. Bank, N.A.*, No. 09-21531-CIV, 2010 WL 1462298, at *4–5 (S.D. Fla. Mar. 18, 2010), *report and recommendation adopted*, No. 09-21531-CIV, 2010 WL 1489995 (S.D. Fla. Apr. 13, 2010) (finding that work done in state action on motion to dismiss was non-recyclable in federal action because of different pleading standards).

As an initial matter, Plaintiffs' prior federal action was *360 Security Partners, LLC v. Heiser*, No. 3:24-cv-1270 (N.D. Tex. May 23, 2024). Under Rule 41(d), if a plaintiff has "previously dismissed an action in any court" and "files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the **costs** of that previously dismissed action" and "may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d) (emphasis added). "A party moving for costs under Rule 41(d) must show: (1) the plaintiff dismissed a previous action; (2) the plaintiff then commenced a second action that is based upon or includes the same claim against the same defendant; and (3) the defendant incurred costs in the prior action that will not be useful in the newly-filed litigation." *Groom v. Bank of Am.*, No. 8:08-CV-2567, 2010 WL 627564, at *5 (M.D. Fla. Feb. 23, 2010) (citing *Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558, 563 (E.D. Mo. 2006)).

Here, Plaintiffs do not dispute that these conditions have been met. However, satisfaction of these conditions does not automatically result in an award of costs to Defendants. "[T]he plain language of Rule 41(d) is permissive, and allows the Court to award costs . . . in its discretion." *Wishneski v. Old Republic Ins. Co.*, No. 5:06-cv-148, 2006 WL 4764424, at *4 (M.D. Fla. Oct. 10, 2006).

Whether "costs" include attorney's fees under Rule 41(d) varies among circuits. *See Marino v. Broward Sheriff's Off.*, No. 20-60980-CIV, 2021 WL

9563808, at *1 (S.D. Fla. Jan. 29, 2021). However, the Eleventh Circuit Court of Appeals has not addressed the issue. And district courts in the Eleventh Circuit disagree as to whether "costs" include "attorney's fees" under Rule 41(d). *See Cin-Q Autos., Inc. v. Buccaneers Ltd. P'ship*, No. 8:13-cv-1592, 2013 U.S. Dist. LEXIS 208943, at *16 (M.D. Fla. Oct. 23, 2013) (collecting cases).

Proceeding on the assumption in this case that attorney's fees are included as costs under Rule 41(d), an award of attorney's fees is unwarranted here. Courts permitting an award of attorney's fees under Rule 41(d) typically make some finding of bad faith or vexatious conduct. *Wishneski*, 2006 WL 4764424, at *4 (explaining that "because of the absence of any showing of bad faith on the part of Plaintiff in refiling this action, the Court is unwilling to exercise its discretion to include an award of attorney's fees as part of its award of costs to Defendant under Rule 41(d)"); *see Sandshaker Lounge & Package Store LLC v. RKR Beverage Inc.*, No. 3:17-cv-686, 2018 WL 6829046, at *2 (N.D. Fla. Nov. 19, 2018). Here, Defendants have not shown that Plaintiffs refiled the action in bad faith or for a vexatious purpose. *Daniels v. Gov't Emps. Ins. Co.*, No. 8:19-cv-2612, 2022 WL 504016, at *2 (M.D. Fla. Feb. 18, 2022) (holding "it is not evidence of bad faith that Plaintiffs dismissed with intent to refile elsewhere").

And setting aside considerations of bad faith or vexatious conduct, attorney's fees are otherwise unwarranted under Rule 41(d). *See Tassinari v.*

3

*Key West Water Tours, L.C.*, Nos. 06-10087-CIV, 06-10116-CIV, 2007 WL 9702571, at *8, *10 (S.D. Fla. Aug. 28, 2007) (stating that "Rule 41(d) does not *require* the Court to conclude that Plaintiffs acted in bad faith or with other improper motive in order to assess costs" but that "the Court *may* consider Plaintiffs' motivation in dismissing and then re-filing the actions at issue") (collecting cases).  Plaintiffs responded to the motion to dismiss in the original federal action and assert that they voluntarily dismissed that case to expedite the proceedings, after waiting six months for a ruling on the motion to dismiss.  Plaintiffs refiled the action in Florida, where Defendants purportedly preferred litigating.  (*Compare* Doc. 30 at 17, *with Tassinari*, 2007 WL 9702571, at *11 (stating that "Plaintiffs . . . should bear the costs of what was in effect Plaintiffs' desire to change the venue which they originally chose")).

And Plaintiffs refiled the federal action in this Court three days after filing the notice of voluntary dismissal in the other case.  (Doc. 23 ¶¶ 8–9).  Discovery had not been taken in the original federal action, nor had there been motion practice besides the motion to dismiss.  Plaintiffs submit that the parties did not even conduct their initial Federal Rule of Civil Procedure 26 conference.  Hence, in the Court's discretion, the circumstances do not warrant an award of attorney's fees under Rule 41(d), and to that extent Defendants' motion is denied.

However, Defendants may be entitled to their non-recyclable costs from the original Texas action. Defendants claim that the costs expended in the Texas action are not recyclable because personal jurisdiction is not at issue in the current case. The Court reserves ruling on Defendant's request for non-recyclable costs connected to the personal jurisdiction issue, giving Defendant an opportunity to assert a specific claim for such costs.

Accordingly, it is **ORDERED** that:

1. Defendants' requests for attorney's fees and for a stay pending submission of their bill of costs are **DENIED**.

2. The Court reserves ruling on Defendant's request for non-recyclable costs connected to the personal jurisdiction issue, giving Defendant an opportunity to assert a specific claim for such costs.

3. On or before **July 7, 2025**, Defendants shall file a written bill of costs detailing their non-recyclable costs from the original federal action. Plaintiffs shall have **seven days thereafter** to file a written response objecting to specific costs that Defendants seek to tax.

**DONE** and **ORDERED** in Orlando, Florida, on June 16th, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

5