**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SOUTHERN COAST K9, LLC and 360
SECURITY PARTNERS, LLC,

       Plaintiffs,

v.                                                                Case No:   6:25-cv-298-JA-LHP

MARGUERITE HEISER and
WILLIAM HEISER,

       Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFFS' MOTION FOR RECONSIDERATION OF DOC. 67 ORDER GRANTING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER ON AMEX, FAIRWINDS, AND PNC SUBPOENAS (Doc. No. 68)**
>
> **FILED:**     December 5, 2025
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On December 3, 2025, the Court granted Defendants Marguerite Heiser's and William Heiser's (the "Heisers") motions for protective orders with respect to

subpoenas Plaintiffs sought to serve on three non-party financial institutions. Doc. No. 67. *See also* Doc. Nos. 63, 64, 66. As relevant here, the Court treated the Heisers' motions as unopposed due to Plaintiffs' failure to respond to the motions, granted all three motions for protective orders, sustained all objections raised by the Heisers to each subpoena, and directed that Plaintiffs could serve revised subpoenas on these financial institutions to the extent any discovery requested was outside the scope of the Heisers' objections. Doc. No. 67, at 4; *see also* Doc. No. 26, ¶ 5; *Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at *1 (M.D. Fla. Sept. 24, 2024) (granting motion to compel as unopposed when opposing party failed to file a timely response in accordance with Standing Discovery Order).

Now before the Court is Plaintiffs' motion for reconsideration of the Court's December 3, 2025 Order. Doc. No. 68. Plaintiffs admit that their counsel, Christopher A. Pate, was out on extended medical leave in May 2025 when the Standing Order on Discovery Motions (Doc. No. 26) was entered, and that counsel inadvertently overlooked the Standing Order, thereby miscalculating the response deadlines to the Heisers' motions for protective order. *Id.*, at 2; *see also* Doc. No. 68-1. Plaintiffs argue that this missed deadline was therefore the result of excusable neglect, warranting reconsideration. Doc. No. 68, at 3-6. Plaintiffs further argue that the information sought in the subpoenas is critical to proving

Plaintiffs' claims, and the absence of such discovery will result in manifest injustice to Plaintiffs. *Id.*, at 6. Plaintiffs attach to their motion their responses to each of the Heisers' motions for protective order, and ask that the Court consider Plaintiffs' responses and either deny the Heisers' previously granted motions or allow additional briefing on the substantive issues. *Id.*, at 5-6.

The Heisers have filed a response in opposition. Doc. No. 69. First, the Heisers point out that Attorney Pate is but one of five different attorneys representing Plaintiffs in this action, and that Plaintiffs' motion for reconsideration is notably silent as to why these four other attorneys also failed to comply with the deadlines set forth in the Standing Order on Discovery Motions. *Id.*, at 1-2. The Heisers further argue that Plaintiffs' excuse – miscalculating an established deadline – does not constitute excusable neglect. *Id.*, at 2. And finally, the Heisers take issue with Plaintiffs' assertions of manifest injustice, arguing that the financial information at issue can be ascertained from Plaintiffs' own records, and the subpoenas at issue were overbroad to begin with. *Id.*, at 3-4.

Reconsideration of a court order is an extraordinary remedy that must be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation

omitted). "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

Plaintiffs contend that the standards under Federal Rule of Civil Procedure 54(b) apply to the present motion, rather than the standards of Federal Rules of Civil Procedure 59(e) or 60(b). Doc. No. 68, at 3-5. Citing to the Eleventh Circuit's recent decision in *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367 (11th Cir 2024), Plaintiffs argue that the standard of review for a motion seeking reconsideration of a non-final discovery order is not as high as the standard for reconsideration under Rules 59(e) or 60(b),[1] but is rather a flexible standard that falls under the Court's plenary authority to reconsider, revise, alter, or amend a non-final order before the entry of final judgment. *Id.*, at 3-4 (citing *Hornady*, 118 F. 3d at 1379 and Fed. R. Civ. P. 54(b)).

---

[1] Courts applying those rules "have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman*, 153 F.R.D. at 694.

The Court agrees that *Hornady* has clarified the standard for reconsideration of interlocutory orders. Nevertheless, a majority of courts still follow the standards set forth in Rules 59(e) and 60(b) when deciding discovery motions, and Plaintiffs have not cited to any legal authority suggesting otherwise.[2] *See, e.g.*, *DKG Commc'ns, LLC v. RLM Underground, LLC*, No. 2:23-cv-1195-KCD, 2025 WL 1615438 (M.D. Fla. June 6, 2025) (citing *Hornady* but still applying factors for reconsideration under Rules 59(e) and 60(b) to motion for reconsideration of order declining to reopen discovery); *Partners Insight, LLC v. Gill*, No. 2:22-cv-739-SPC-KCD, 2025 WL 1085166 (M.D. Fla. Mar. 27, 2025) (applying similar analysis to reconsideration of order granting motion to compel and related sanctions); *Pimentel v. Strength20, LLC*, No. 2:23-cv-544-JLB-KCD, 2025 WL 712412 (M.D. Fla. Mar. 5, 2025) (same); *Rigby v. Cap. One Fin. Corp.*, No. 3:24-cv-98-HES-MCR, 2025 WL 483207, at *2 (M.D. Fla. Feb. 13, 2025) (citing *Hornady* and applying Rule 60(b) standards to a Rule 54(b) motion for reconsideration of denial of a motion to compel discovery). *Cf. Doss v. Holder*, No. 8:22-cv-129-CEH-AAS, 2024 WL 3952754, at *2 (M.D. Fla. Aug. 27, 2024) (collecting authority and applying same standards under Rule 59(e) and 60(b) to a motion for reconsideration filed under Rule 54(b)).

---

[2] The one decision Plaintiffs cite on this point, *Paulino v. W. Funding, Inc.*, No. 23-CIV-24172, 2025 WL 1330206 (S.D. Fla. May 7, 2025), still applied the standards of Rule 60(b) to reconsideration of a discovery order.

Regardless of which standard applies – even the arguably more lenient standard set forth in *Hornady* – the result is the same.   Plaintiffs' motion is due to be denied.

As the Heisers point out – and which is glaringly absent from Plaintiffs' motion – Plaintiffs have been represented by no less than five attorneys throughout this case, two from Tampa law firms, and three from a Dallas, Texas law firm who are appearing *pro hac vice*.   See Doc. Nos. 6-7, 18-20, 22.   When five different attorneys at three different law firms all miss the same deadline, the Court finds it hard to agree that excusable neglect exists.[3]   Plaintiffs' silence on this point does not aide their cause.   *See also Stallworth v. Omninet Vill., L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) (finding that a party's failure to timely serve discovery or respond to a motion to compel "due to alleged calendar errors or mistakes does not amount to the type of manifest injustice that compels extraordinary relief" of reconsideration); *Orlando Health, Inc. v. HKS Architects, Inc.*, No. 6:24-cv-693-JA-LHP, 2025 WL 388701, at *1 (M.D. Fla. Feb. 4, 2025) (denying motion for reconsideration based on counsel erroneously calendaring the response deadline to a motion to compel as 14 days rather than 5

---

[3] The Court notes that the "Notice of Electronic Filing" for the Standing Order on Discovery Motions went to nine different email addresses for four of Plaintiffs' attorneys, and the "Notices of Electronic Filing" for the Heisers' motions for protective order went to fourteen different email addresses for all five of Plaintiffs' attorneys.

days under discovery standing order); *United Fire & Cas. Co. v. Progressive Express Ins. Co.*, No. 6:19-cv-1049-Orl-41EJK, 2020 WL 11421204, at *2 (M.D. Fla. July 30, 2020) (denying motion for reconsideration where counsel incorrectly mis-calendared deadline to respond to discovery motion as 14 days rather than 5 days under discovery standing order).

Accordingly, Plaintiffs' motion for reconsideration (Doc. No. 68) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 15, 2025.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record