**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SOUTHERN COAST K9, LLC and 360
SECURITY PARTNERS, LLC,

          Plaintiffs,

v.                                                                Case No:   6:25-cv-298-JA-LHP

MARGUERITE HEISER and
WILLIAM HEISER,

          Defendants

---

**ORDER**

This action revolves around allegations that Defendants breached certain agreements with Plaintiffs and allegedly committed various related torts.   Doc. No. 60.   Discovery closes on April 30, 2026.   Doc. No. 80.   Now before the Court is Defendants' Motion to Conduct Out-of-State Depositions of Non-Party Witnesses Remotely Pursuant to Rule 30(b)(4).   Doc. No. 79.   As set forth in the motion, Defendants seek leave to conduct remotely two (2) depositions of non-party witnesses Natalie Nicodemus and Mike Clemenson, and to attend remotely the deposition of a third non-party witness, Yadira Santos.   *Id.*   All three (3) non-party

witnesses reside in Texas.[1]   *Id.*   Plaintiffs oppose the remote depositions, and Defendants have filed an authorized reply.   Doc. Nos. 81, 85, 86.   For the reasons discussed below, Defendants' motion will be granted.

Pursuant to Federal Rule of Civil Procedure 30(b)(4), a deposition may be taken remotely by stipulation of the parties or by court order.   Rule 30(b)(4) also provides that a "deposition takes place where the deponent answers the questions." *Id.*   "The party seeking to take a remote deposition must provide a 'legitimate reason' for doing so."   *See U.S. Equal Emp. Opportunity Comm'n v. Qualtool, Inc.*, No. 5:21-cv-229-ACC-PRL, 2022 WL 20564197, at *2 (M.D. Fla. Aug. 25, 2022) (quoting *In re Deepwater Horizon Belo*, No. 3:19-cv-1535, 2021 WL 6882434, at *3, n.4 (N.D. Fla. July 12, 2021) (citing *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-8637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020))).   "[O]nce a legitimate reason is given, the opposing party must show how a remote deposition would prejudice them." *Qualtool*, 2022 WL 20564197, at *2 (citing *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166 at *7).   The Court has broad discretion to determine whether the movant's specific reasons for conducting the deposition remotely outweigh the opponent's claim of prejudice.   *Id.*   And as a sister court noted, "[l]eave to permit remote depositions should generally be granted liberally."   *Brower v. McDonald's*

---

[1] Neither party provides any further information regarding these witnesses or the testimony they are anticipated to provide, nor whether the depositions have been scheduled and/or noticed and/or had subpoenas served.

*Corp.*, No. 2:19-cv-02099-GMN-BNW, 2021 WL 3573633, at *2 (D. Nev. May 28, 2021).

Turning to the first step, whether Defendants have provided a legitimate reason for the remote depositions, Defendants, both of whom reside in Florida, contend that they have expended "an exorbitant amount" in litigation expenses to date, and wish to avoid additional travel expenses by conducting/attending these depositions remotely.   Doc. No. 79 at 2.   In response, Plaintiffs argue that ordinary expenses, such as travel, do not constitute a sufficient legitimate reason, and also question the veracity of Defendants' financial assertions, pointing out that Defendants are not retired, and recently sold a parcel of property for approximately $1,000,000.00.   Doc. No. 81, at 1-2.   Defendants do not directly refute Plaintiffs' assertions, noting in their reply that they have retired from the specific business at issue in this case, and that the property they recently sold was the location of the business Defendants no longer operate.   Doc. No. 86, at 3.

Upon consideration, the Court finds that Defendants' desire to reduce litigation costs is a sufficient legitimate reason to conduct and/or attend the three (3) non-party witness depositions remotely.   *See, e.g., Fed. Trade Comm'n v. Int'l Markets Live, Inc.*, No. 2:25-cv-00760-CDS-NJK, 2025 WL 2644178, at *3 (D. Nev. Sept. 15, 2025) ("Courts have found more specifically that a 'desire to save money' on travel costs is a legitimate reason for a remote deposition." (quoting *Kaseberg v.*

*Conaco, LLC*, 2016 WL 8729927, at \*5 (S.D. Cal. Aug. 19, 2016))); *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996) (holding that a desire to save money to avoid regional travel from Colorado to Kansas sufficed to establish a legitimate reason for seeking remote deposition). *See also Degenhart v. Arthur State Bank*, No. CV411-041, 2011 WL 4351491, at \*3 (S.D. Ga. Sept. 15, 2011) (granting leave to remotely video-depose witness, noting that "[l]itigation is expensive enough, and cost-saving videotaping is encouraged.").[2]

Turning to the second step, Defendants contend Plaintiffs will not be prejudiced because the relevant exhibits are not voluminous and because Defendants have no objection to Plaintiffs and their counsel appearing in person. Doc. No. 79, at 2-4. Plaintiffs, however, argue substantial prejudice because they "would lose the ability to assess witness demeanor, credibility, and their interactions with opposing counsel in person," and because the deposition testimony for these witnesses must be preserved for trial, and Zoom recordings are not as reliable as professional videography. Doc. No. 81, at 3-4. In reply, Defendants state that any prejudice regarding Zoom versus professional

---

[2] Plaintiffs' citation to *Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 121-008, 2021 WL 6617307, at \*2 (S.D. Ga. Nov. 12, 2021), *aff'd*, No. CV 121-008, 2021 WL 6617308 (S.D. Ga. Dec. 20, 2021) is unpersuasive, as that case involved a plaintiff who "chose to pursue complex, high-stakes litigation" in the Southern District of Georgia seeking to avoid an in-person deposition. *See also* Middle District Discovery (2021) at Section II.A.3 ("A non-resident plaintiff may reasonably expect to be deposed at least once in this district during the discovery stages of the case. . . .").

videography can be ameliorated via a hybrid deposition, where Plaintiffs and Plaintiffs' counsel appear in person, and the court reporter can still video record the deposition.   Doc. No. 86, at 4-5.

Upon consideration, the Court again sides with Defendants.   The Court finds Plaintiffs' demand that Defendants and their counsel appear in person – a request without any legal authority in support – to be insufficient to demonstrate prejudice, particularly where Defendants agree to a hybrid deposition, and agree to professional videographer recording of the depositions.[3]   *See, e.g., Floodbreak LLC v. T. Moriarty & Son, Inc.*, 754 F. Supp. 3d 330, 333 (E.D.N.Y. 2024) ("Plaintiff's argument that a remote proceeding would prejudice its 'right to examine [the witness] in the deposition in the usual way' is unpersuasive, as courts have concluded that video depositions achieve such ends."); *F & B Assocs., Inc. v. McKnight*, No. 23-cv-00222-CAB-BGS, 2023 WL 8351507, at *2 (S.D. Cal. May 9, 2023) ("Plaintiff's primary basis for seeking [the witness'] in-person testimony is that his 'credibility and demeanor are most accurately reviewed in-person, as humans have

---

[3] Plaintiff cites to *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 586 (N.D. Fla. 2019), however that case addressed a plaintiff who wished to appear for deposition only via telephone, and did not address (nor did the parties request) a videoconference deposition.   In addition, the court in *Huddlestone* noted that "[r]elatively unimportant witnesses typically can be deposed telephonically or via videoconference without causing prejudice to either party."   333 F.R.D. at 586.   Plaintiff has failed to provide any information concerning the importance of the three (3) witnesses at issue, further supporting the Court's finding of a lack of prejudice.

done throughout history.' Plaintiff has not demonstrated that it will be unfairly prejudiced if [the witness'] deposition does not take place in person, . . . [the witness] is a nonparty to this action with no involvement in this litigation, there is no showing that he is a key witness . . . and there is no indication that his testimony will be controversial." (citation omitted)); *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y. 2020) ("Deposition by video allows the party 'to view [the witness's] demeanor during questioning' " (citations omitted) (collecting cases)); *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 575–76 (S.D.N.Y. 2020) ("If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless").

"Although the lawyers might gain some marginal value by observing the witness in person, ultimately the purpose of a deposition is to gather information and commit a witness's testimony. The product of the deposition is the transcript and video footage, which will be unaffected whether the deposition is conducted remotely or in person." *In re Terrorist Attacks*, 337 F.R.D. at 579. *See also Degenhart*, 2011 WL 4351491, at *3 (granting leave to remotely video-depose witness, noting that "[l]itigation is expensive enough, and cost-saving videotaping is encouraged."). Accordingly, Defendants' Motion to Conduct Out-of-State Depositions of Non-Party Witnesses Remotely Pursuant to Rule 30(b)(4) (Doc. No.

79) is **GRANTED**.   Defendants may conduct the depositions of Natalie Nicodemus and Mike Clemenson and may attend the deposition of Yadira Santos remotely. Given Defendants' representations in their motion and reply, Defendants shall be responsible for the cost of the court reporter, including any costs of video recording, for the depositions of Natalie Nicodemus and Mike Clemenson – the two witnesses Defendants seek to depose.   Plaintiffs are free to decide whether they wish to video record the remote deposition of Yadira Santos.

      **DONE** and **ORDERED** in Orlando, Florida on February 26, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record