## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SOUTHERN COAST K9, LLC,  360
SECURITY PARTNERS, LLC,

      Plaintiffs,

     v.                            Case No.:  6:25-cv-00298-JA-LHP

MARGUERITE HEISER, WILLIAM
HEISER,

      Defendants,

## ORDER

Discovery in this case opened on or about May 19, 2025, and closed on April 30, 2026.  Doc. Nos. 24, 25, 80; *see also* Fed. R. Civ. P. 26(d).  Now before the Court are three discovery related motions, each filed on or after the discovery deadline: (1) Plaintiffs' Motion to Compel Defendants' Discovery (Doc. No. 98); (2) Plaintiffs' Motion to Compel Deposition Testimony of William Heiser (Doc. No. 99); and (3) Defendants Marguerite Heiser and William Heiser's Motion Under FRCP 30(d)(3) to Limit the Deposition of William Heiser, or in the Alternative Motion for Protective Order Under FRCP Rule 26(c) (Doc. No. 103).  All three motions have been responded to (Doc. Nos. 102, 105, 106) and are ripe for disposition.  For the reasons discussed below, Plaintiffs' motions (Doc. Nos. 98-99) are both due to be denied, and Defendants' motion (Doc. No. 103) will be denied as moot.

1

*I.*     *Plaintiffs' Motion to Compel Discovery (Doc. No. 98)*

First, it appears that Plaintiffs' motion is untimely.  Plaintiffs – who did not request additional briefing (*see* Doc. No. 26, ¶ 7) – are seeking relief (at least in part) based on discovery requests first served on Defendants on August 22, 2025 with supplemental productions in January and February 2026, yet Plaintiffs do not explain why they waited until 4:59 pm on the discovery deadline to file the present motion. Doc. No. 98.  *See, e.g., Coleman v. Starbucks*, No. 6:14-cv-527-Orl-22TBS, 2015 WL 2449585, at *8 (M.D. Fla. May 22, 2015) (denying motion to compel, in part, because the moving party waited until the eve of the discovery deadline to file motion to compel production of information requested months earlier).  *See also Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-WWB-DCI, 2020 WL 9439380, at *2 (M.D. Fla. Feb. 26, 2020) (denying motion to compel, in part, as untimely where defendant provided no reasonable explanation for waiting 101 days after receiving the discovery at issue to file the motion to compel, and where defendant filed the motion to compel on the day before the discovery deadline).

Second, as set forth in Defendants' response, it does not appear that the parties have conferred in good faith on at least some of the discovery requests at issue prior to Plaintiffs filing their motion.  Doc. No. 105, at 1, 3; *see also* Doc. No. 26, ¶ 1.  Third, even if the Court were to ignore these deficiencies, it appears that the motion is now moot, as Defendants attach to their response affidavits from each

2

Defendant, as well as from one of Defendants' attorneys, describing in detail the searches that have been conducted, and aver that all responsive discovery in Defendants' possession has now been produced. Doc. Nos. 105-1; 105-2; 105-3. This is precisely the relief Plaintiffs requested, thus there is nothing left for the Court to resolve. *See Collier HMA Physician Mgmt., LLC v. NCH Healthcare Sys., Inc.*, No. 2:18-cv-408-FTM-38MRM, 2020 WL 13614464, at *7 (M.D. Fla. Aug. 13, 2020) ("It is axiomatic that a party cannot be made to produce documents that do not exist.").

Accordingly, Plaintiffs' motion to compel (Doc. No. 98) is **DENIED.**

II.    *Plaintiffs' Motion to Compel William Heiser's Deposition (Doc. No. 99)*

Although discovery had been open since May 19, 2025, Plaintiffs did not conduct the deposition of Defendant William Heiser until the April 30, 2026 discovery deadline.  Doc. No. 100-1.  According to Plaintiffs' motion to compel, which was filed after the close of discovery at 7:37 pm, Plaintiffs attempted to ask Mr. Heiser about his criminal history, but his counsel improperly instructed him not to answer those questions, therefore Plaintiffs request a continuation of the deposition in order to inquire about these topics. Doc. No. 99.  Plaintiffs argue that this information is relevant as Mr. Heiser has asserted counterclaims for defamation, thereby squarely placing his reputation at issue. *Id.*  Defendants respond in opposition, arguing that Plaintiffs are already in possession of Mr. Heiser's criminal history, which is minimal, they permitted Plaintiffs' counsel to

3

inquire at deposition about that minimal history, and that any further questions posed by Plaintiffs' counsel are solely for the purpose of harassing and embarrassing Mr. Heiser.  Doc. No. 102.

Plaintiffs' motion is also due to be denied.  Again, the motion is untimely, filed at 7:37 pm on the discovery deadline, and Plaintiffs – who did not request additional briefing – provide no explanation as to why they waited until the discovery deadline to conduct Mr. Heiser's deposition.  By inexplicably waiting until the literal last minute (the Court notes that the deposition proceeded until 4:37 p.m., Doc. No. 100-1), Plaintiffs deprived themselves of the ability to seek relief from the Court.  *See* Doc. No. 25, at 3 ("Each party must timely serve discovery requests allowing for responses prior to the discovery deadline. The Court may deny as untimely motions to compel filed after the discovery deadline.").

Second, Plaintiffs provide no legal authority to support their request, beyond citation to Federal Rules of Civil Procedure 30 and 37.  Third, Plaintiffs reference two issues in Mr. Heiser's criminal background – an arrest for battery and a citation for violating city ordinances – (Doc. No. 99, at 2), and as evidenced by the deposition excerpts Plaintiffs submitted, Plaintiffs' counsel already explored both of these incidents with Mr. Heiser, who ultimately answered the questions.  Doc. No. 100-1. Thus, the Court is at a loss as to what further questions Plaintiffs wish to ask that would not be duplicative, particularly when Plaintiffs already have a copy of Mr.

4

Heiser's criminal history (Doc. No. 102-1), Plaintiffs already conducted a more than seven-hour deposition of Mr. Heiser, and the discovery deadline has now expired. *See Kara v. Fla. Pub. Utilities Co.*, No. 3:06-cv-572-J-32MCR, 2007 WL 2447006, at *3 (M.D. Fla. Aug. 23, 2007) ("While the Court sometimes allows for additional discovery after a discovery deadline, it will only do so when a party shows that further discovery of information is likely to lead to relevant information and the requesting party offers a reasonable explanation as to why such discovery did not occur during the period allocated for discovery. Here, the Court is not persuaded that Mr. Stein's alleged statements are more than minimally relevant to the issues in this case and Plaintiff has not provided any explanation as to why he waited until the close of discovery to move for an order permitting Plaintiff to re-depose Mr. Stein.").

Accordingly, Plaintiffs' motion to compel (Doc. No. 99) is **DENIED.** Defendant's motion for protective order (Doc. No. 103) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on May 6, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record

5