# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SOUTHERN COAST K9, LLC, and 360 SECURITY PARTNERS, LLC,**

**Plaintiffs,**

**v.** **Case No. 6:25-cv-298-JA-LHP**

**MARGUERITE HEISER and WILLIAM HEISER,**

**Defendants.**

---

## ORDER

Plaintiffs, Southern Coast K9, LLC (Southern Coast) and 360 Security Partners, LLC (360 Security) allege claims in tort, contract, and equity against their former business associates, Marguerite Heiser and William Heiser (the Heisers), arising from the parties' former dog-training-business arrangement. (*See* Sec. Am. Compl., Doc. 60). The Heisers bring a five-count counterclaim against Plaintiffs and Plaintiffs' principal, Christina Liepold. (Doc. 97). Before the Court is Liepold's motion to dismiss and alternative motion to strike (Doc. 112), which seeks the dismissal or striking of the Heisers' counterclaim against her. The Heisers responded in opposition. (Doc. 117). Based on the Court's review of the parties' submissions, the motion must be denied.

## I. BACKGROUND

Plaintiffs initiated this action on February 22, 2025. (Doc. 1). The parties extensively litigated the sufficiency of Plaintiffs' allegations by motion practice, (*see* Docs. 14, 41, & 62), and Plaintiffs amended the complaint twice, (*see* Docs. 40 & 60). In its March 5, 2026 Order (Doc. 88), the Court determined that the allegations of the second amended complaint were sufficient.

Two weeks later, the Heisers filed their answer and affirmative defenses (Doc. 93)—the first responsive pleading served in this case. The Heisers included with their answer a counterclaim against Plaintiffs and Liepold. (*Id.* at 17–30). The Heisers later amended the counterclaim (Doc. 97) to allege five total counts, including a defamation count (Count III) against Liepold and Plaintiffs. (Doc. 97 at 8–11). Plaintiffs answered the Heisers' counterclaim. (Doc. 111).

Liepold now moves to dismiss the defamation claim against her, arguing that: (1) her joinder in this action is untimely under the Case Management and Scheduling Order (CMSO, Doc. 25); (2) the counterclaim is an improper vehicle for joining her to this case; and (3) her joinder at this stage of the case is prejudicial. (*See* Doc. 112). Liepold seeks dismissal with prejudice as well as attorney's fees associated with bringing the motion. (*Id.* at 19–20).

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

A court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy,' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia*

*Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)).[1] A motion to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus*, 306 F.2d at 868.

## III. DISCUSSION

### A. Timeliness of Liepold's Joinder

In the CMSO, the Court set an October 21, 2025 deadline for "[m]otions to add parties or amend pleadings."[2] Liepold argues that the Heisers' amended counterclaim is untimely because the Heisers served it months after this deadline. (*See* Doc. 112 at 7). But as explained in *Centennial Bank v. ServisFirst Bank Inc.*, "the CMSO only set[s] forth a deadline for filing *motions to add parties or to amend pleadings*." No. 8:16-cv-88-T, 2019 WL 13037034, at *3 (M.D. Fla. Apr. 17, 2019) (emphasis in original). "The CMSO d[oes] not change the deadline for filing pleadings without a motion as permitted by the Federal Rules of Civil Procedure." *Id.*

Under Rule 12(a)(4)(A), the Heisers' responsive pleading was required within fourteen days of the Court's denial of their motion to dismiss. And a counterclaim must initially be brought with a responsive pleading and does not require a separate motion. *See* Fed. R. Civ. P. 13; *Mobley v. Safeco Ins. Co. of*

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent on the courts of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[2] The Court modified other deadlines in the CMSO at the parties' request by separate orders. (Docs. 43, 54, & 77).

*Ill.*, No. 6:12-cv-70-Orl, 2012 WL 12916444, at *1 (M.D. Fla. Apr. 12, 2012) (striking a party's counterclaim filed simultaneously with that party's motion to dismiss because counterclaims must be included with a pleading).

Because the Heisers' answer is timely, the counterclaim is timely as well, and no amendment of the CMSO is required because no motion to bring a counterclaim is required by the Federal Rules of Civil Procedure or the CMSO. However, even if the Heisers were required to first seek amendment of the CMSO, the Court concludes that good cause has been shown because the Heisers filed the counterclaim against Liepold as soon as they became procedurally obligated to file a responsive pleading. *See Klein v. Oved*, No. 9:22-CV-80160-KAM, 2023 WL 7129969, at *8 (S.D. Fla. Aug. 17, 2023) (rejecting a motion to dismiss a counterclaim on similar grounds).

**B. Whether Liepold's Joinder is Procedurally Proper**

Next, Liepold argues that the Heisers are improperly attempting to "unilaterally inject a new party into the case" in the counterclaim. (Doc. 112 at 10). However, joinder of a non-party via counterclaim is permissible if joinder is consistent with Rules 19 or 20. *See* Fed. R. Civ. P. 13(h). Indeed, "[i]f counterclaims could not add additional parties, Rule 13(h) would serve no purpose." *Nouveaux Pest Sols., LLC v. Donaghy*, No. 6:18-cv-1853-Orl, 2019 WL 13247911, at *2 (M.D. Fla. June 10, 2019) (citing *N. Star Cap. Acquisitions, LLC v. Krig*, No. 3:07-cv-264-J, 2007 WL 3522425 (M.D. Fla. Nov. 15, 2007)).

Liepold interprets the CMSO as requiring joinder to occur via motion practice. (Doc. 112 at 9). Although "the general practice is to obtain a court order to join an additional party," a motion for leave is "not required by Rule 13(h)." 6 *Wright & Miller's Federal Practice & Procedure* § 1434 (3d ed. 2019). The Court is satisfied that the conditions for joinder under Rule 13(h) are met. *See also Nouveaux Pest Sols., LLC*, 2019 WL 13247911, at *2 (permitting joinder of a counterclaim defendant under similar circumstances).

Liepold also argues that dismissal is warranted under Rule 10 because the counterclaim does not identify Liepold in the case caption or title of the pleading. (Doc. 112 at 11–12). Rule 10(a) requires that "[t]he title of the *complaint* must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." (emphasis added). A counterclaim is not a complaint; thus, it is not required to name all parties in its title or case caption.

### C. Whether Liepold is Unfairly Prejudiced

Finally, Liepold claims that her joinder at this stage of the case prejudices her by precluding her from conducting discovery and making it "functionally impossible for her to file a meaningful motion for summary judgment supported by a developed record." (Doc. 112 at 17). But Liepold, as a principal of Southern Coast and 360 Security and sharing the same counsel, presumably has access to the discovery that Plaintiffs collected. And Liepold did not move to extend

any case deadlines. Other than vague references to prejudice, Leipold does not explain how she has been adversely affected in her ability to defend the claims against her. Accordingly, Liepold's motion must be denied. *See S.O.S. Res. Servs., Inc. v. Bowers*, No. 14CIV22789COOKETORRE, 2015 WL 6735540, at *3 (S.D. Fla. Nov. 4, 2015) (denying motion to dismiss filed by counter-defendant president of plaintiff corporation under similar circumstances).

The Court finds that Liepold is properly named as a party to this action. Having so determined, Liepold will not be awarded the attorney's fees incurred in bringing this motion.

## IV. CONCLUSION

For the reasons given above, it is **ORDERED** that Christina Liepold's motion to dismiss and alternative motion to strike (Doc. 112) is **DENIED**. Liepold shall file an answer to the counterclaim on or before **August 4, 2026**.

**DONE** and **ORDERED** in Orlando, Florida, on July 21st, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record